■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HALVARD MARKS, Appellant. [618 NYS2d 380] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 2, 1992, convicting him of robbery in the first degree (two counts), assault in the first degree (two counts), criminal possession of a weapon in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

If the People fail to exercise care to preserve *Rosario* material and the defendant is prejudiced by their mistake, the court must impose an appropriate sanction *(see, People v Martinez,* 71 NY2d 937, 940). "The determination of what is appropriate is committed to the trial court's sound discretion, and while the degree of prosecutorial fault may be considered, the court's attention should focus primarily on the overriding need to eliminate prejudice to the defendant" *(People v Marti-*

*nez, supra,* at 640). The "curative instruction" the court proposed as a sanction for the People's failure to preserve the Date Analysis Form was appropriate under the circumstances and was not an improvident exercise of discretion.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either without merit or unpreserved for review. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.